NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5857 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00219-SB-1 |
| v. | |
| | MEMORANDUM[*] |
| VINCENT GLYNN BENNETT, Jr., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted August 4, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Defendant Vincent Glynn Bennett, Jr., appeals the district court's denial of his motion to suppress evidence. Following a lawful administrative search of Defendant's suitcase at the Hollywood Burbank Airport, Homeland Security

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Investigations ("HSI") officers seized from the suitcase four brick-shaped packages that Defendant concedes they had probable cause to believe contained narcotics. Several months later, the district court granted Defendant's motion to suppress the results of the government's warrantless testing of those packages' contents. Two days after that ruling, the government applied for and obtained a warrant to search the packages. Subsequent laboratory testing established that the packages contained cocaine. Defendant moved to suppress the results of that test, as well as the contraband itself, asserting that the government's delay in seeking a warrant was unreasonable. The district court's denial of that suppression motion is the subject of this appeal.[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the denial of the suppression motion and for clear error the district court's factual findings, United States v. Sullivan, 797 F.3d 623, 632–33 (9th Cir. 2015), we affirm.

Defendant argues that the 270-day delay between the government's seizure of the four packages and its seeking a warrant to search the packages was constitutionally unreasonable. See id. at 633 ("An unreasonable delay between the seizure of a package and obtaining a search warrant may violate the defendant's

---

[1] In his opening brief, Defendant argues that the district court erred when it held that the HSI officers' reopening of a previously cut package did not constitute a search. We decline to reach that issue because it is not necessary to our resolution of this appeal.

Fourth Amendment rights."). Whether such a delay was "reasonable" is determined on a case-by-case basis, considering the totality of the circumstances. Id. "We must balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" Id. (quoting United States v. Place, 462 U.S. 696, 703 (1983)). Under the totality of the circumstances, the delay here was not unreasonable.

Defendant concedes that he had only "a reduced possessory interest" in the packages and that he never sought their return. See id. at 633–34 (explaining that an individual who has not shown that the delay "adversely affected" their Fourth Amendment interests and who "'never sought return of the property' has not made a sufficient showing that the delay was unreasonable" (both passages quoting United States v. Johns, 469 U.S. 478, 487 (1985))). Indeed, because the packages contained narcotics, Defendant cannot lawfully possess them. See 21 U.S.C. § 844(a). Defendant also concedes that the government had probable cause to believe that the packages contained narcotics and that the government's seizure of the packages was lawful. See United States v. Mulder, 889 F.2d 239, 241–42 (9th Cir. 1989) (holding that the government's "lawful possession" of a defendant's illicit pills supported the conclusion that a two-year delay between the government's discovery of the pills and the government's testing of the pills

pursuant to a warrant was not unreasonable); see also id. at 241 n.1 (noting that the defendant's interest in the contraband was "minimal").

The government, on the other hand, had a substantial interest in seizing and retaining the suspected narcotics to prevent their distribution. See United States v. Alverez-Tejeda, 491 F.3d 1013, 1016 (9th Cir. 2007) (describing as "patently important" the government's interest in stopping drugs "before they reach[] their ultimate destination"); see also Sullivan, 797 F.3d at 634 (considering "the degree to which the seizure and retention of [a defendant's property] was necessary for the promotion of legitimate governmental interests"). Thus, the government's interest outweighs the intrusion on Defendant's minimal possessory interest. See Sullivan, 797 F.3d at 633.

Moreover, there is no evidence that the 270-day delay was "the result of dilatory tactics" by the government. United States v. Johnson, 875 F.3d 1265, 1276 (9th Cir. 2017). Instead, "the time lapse was the result of the judicial . . . process" related to Defendant's earlier motion to suppress the results of the government's warrantless testing of the packages' contents, and "[t]he government sought a warrant in a reasonable period of time after" the district court granted that earlier motion. Mulder, 889 F.2d at 241.

**AFFIRMED.**